## Gousie v. Kleppinger

This action was commenced by the filing of a notice complaint on March 20, 1979, followed by the full complaint on May 29, 1979. On July 6, 1979, defendant Kleppinger filed preliminary objections in the nature of a demurrer. Briefs were filed in support of and in opposition to the preliminary objections.

This medical malpractice action is brought by Joseph and Marie Gousie, husband and wife, for themselves and their children, and is based on a

claim for damages arising from the birth of their daughter Nicholle. Allegedly the defendants, Doctors Kleppinger and Zerby, failed to properly perform a sterilization of Marie Gousie. Despite the defendants' assurances of a successful sterilization, Marie became pregnant and on January 21, 1979, gave birth to a daughter, Nicholle. Thereafter, Marie underwent a second sterilization.

Defendant Kleppinger has demurred to paragraph 22 of plaintiffs' complaint, which contains a claim for damages to the parents for medical and other expenses resulting from defendant's negligence. They include costs of prenatal and postnatal care, child delivery, costs of a second sterilization, doctor's fees, hospitalization costs, costs of the unsuccessful sterilization, loss of wages necessitated by the pregnancy, economic costs of raising Nicholle and dislocation expenses and losses and lower standard of living caused by the enlarged family.

In Speck v. Finegold, ____ Pa. Superior Ct. ____, 408 A. 2d 496 (July 25, 1979), the Superior Court permitted claims like these by parents of a child born with a birth defect following an unsuccessful sterilization of the father and a subsequent unsuccessful abortion performed on the mother. Because the Speck parents did not bring a claim for lost wages, that claim was not considered by the Superior Court. However, we believe the Superior Court would have permitted such a claim.

Prior to the Superior Court decision in Speck, we had denied a demurrer to a cause of action by parents of an apparently healthy child born after an unsuccessful sterilization procedure performed upon the mother: Moore v. Wenoff, 12 D. & C. 3d 721 (1979). In Moore, the mother sought damages for support and maintenance of a normal child.

Upon consideration of the Speck and Moore decisions, the demurrer to paragraph 22 must be denied. See also Liddick v. Sauertieg, 99 Dauph. 262 (1977), a similar case which permitted a claim for recovery of expenses incurred by parents as the result of the birth of a healthy child and the pain and suffering incurred by the mother as a result of the pregnancy, childbirth, and second sterilization operation.

Although several of the claims seek a recovery for the same expenses, the arbitrators will mold any award to prevent a double recovery.

Second, defendant Kleppinger demurs to the second count of plaintiffs' complaint, containing the claims of Nicholle's siblings for their share of the family assets which will be diverted to Nicholle. The plaintiffs cite only two Pennsylvania cases which considered the right of siblings to recover for the birth of an unplanned child. In both cases the courts of common pleas denied recovery.

In Speck v. Finegold, 124 P.L.J. 253, 264 (1976), partially affirmed and partially reversed on other grounds, _____ Pa. Superior Ct. _____, 408 A. 2d 496 (July 25, 1979), the Allegheny County Court of Common Pleas denied the siblings' claim, "We do not believe that the law should provide a basis for such interfamiliar warfare." The siblings' claims in Speck were subsequently withdrawn and not considered in the Superior Court's decision.

In the other common pleas decision cited by plaintiffs, the Northampton County Court of Common Pleas also denied the siblings' claim for the unplanned birth of a sister: Brignoni v. Schramm, 43 Northampton 36, 39 (1976). In Brignoni, the court found the prevailing authorities and the trend in the law opposed creation of a cause of action on behalf of the siblings of an unplanned child.

A thorough review of the Superior Court's decision in Speck fails to uncover any indication of an intent to permit claims by the siblings of an unwanted child. We note the siblings in this action may not suffer any loss of family assets being diverted to care for Nicholle, because the parents are being permitted to seek recovery for the expenses incurred as a result of raising Nicholle. If faced with the claim by the Speck siblings, we do not believe the Superior Court in Speck would have permitted such a cause of action.

Accordingly, we enter the following

## ORDER

And now, August 16, 1979, upon consideration of the preceding opinion, it is hereby ordered and decreed that defendant Kleppinger's demurrer to paragraph 22 of the complaint is denied. The demurrer to the second count of the complaint is granted and the second count shall be stricken. This order involves a controlling question of law as to which there is substantial ground for difference of opinion and an immediate appeal from the order may materially advance the ultimate termination of the matter.